UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

ROLAND JILES                                              CIVIL ACTION

VERSUS                                                    NO. 09-8426

ORLEANS PARISH PRISON                                     SECTION "F" (1)
MEDICAL CLINIC, ET AL.

# ORDER AND REASONS

Plaintiff, Roland Jiles, filed this *pro se* civil action pursuant to 42 U.S.C. § 1983 claiming that he received inadequate medical care for kidney problems. He named as defendants the Orleans Parish Prison Medical Clinic and Dr. Ham. The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge.[1]

In his complaint, plaintiff stated his claims as follows:

> Dr. Ham is responiable for the Clinic that ensure the Health the Inmates at Orleans Parish Prison. I have been here since 5/25/09 and have complained about my kidneys. No one has help me. I filed many grievance. No responses so I chose to sue the Medical Clinic. My life is in critical because of my kidneys . ...
> I went to University Hospital, they ran a lot of test. When those test results came back, they told me that me kidneys were bad, and I needed an operation. University refered me to the clinic to run some more test. The clinic told me that my kidneys are real bad, that University will have to do surgery to removed me kidneys, and eventually put me on a dialisis machine. Right now my kidney hurt real bad.
> Before I could make it back to the hospital to have surgery, I came to jail. Once I got to jail, I complain to the nurse that my kidney are still bothering me.

---

[1] Rec. Doc. 14.

They took test here at jail, but they say their nothing wrong with me. The nurse name is Ms. Avorite. The only test they took is to draw blood from me.

    I keep asking the medical ward to take me to the hospital. I've ask them about 10 time to take me to the hospital, but they want. I'm in a lot of pain.[2]

The defendants have now filed a motion for summary judgment.[3] Plaintiff opposes that motion.[4]

### I. Standards for Summary Judgment

The principal purpose of Fed.R.Civ.P. 56 is to isolate and dispose of factually unsupported claims. Celotex Corp. v. Catrett, 477 U.S. 317, 323-24 (1986). In reviewing a motion for summary judgment, the Court may grant the motion when no genuine issue of material fact exists and the mover is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). There is no "genuine issue" when the record taken as a whole could not lead a rational trier of fact to find for the nonmovant. Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

"Procedurally, the party moving for summary judgment bears the initial burden of informing the district court of the basis for its motion, and identifying those portions of the record which it believes demonstrate the absence of a genuine issue of material fact." Taita Chemical Co., Ltd. v. Westlake Styrene Corp., 246 F.3d 377, 385 (5th Cir. 2001) (quotation marks and brackets omitted). The party opposing summary judgment must then "go beyond the pleadings and by [his] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate

---

[2]    Rec. Doc. 6, pp. 3 and 5.

[3]    Rec. Doc. 17.

[4]    Rec. Doc. 20.

'specific facts showing that there is a genuine issue for trial.'" Celotex, 477 U.S. at 324 (quoting Fed.R.Civ.P. 56); see also Provident Life and Accident Ins. Co. v. Goel, 274 F.3d 984, 991 (5th Cir. 2001). The Court has no duty to search the record for evidence to support a party's opposition to summary judgment; rather, "[t]he party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which the evidence supports his or her claim." Ragas v. Tennessee Gas Pipeline Co., 136 F.3d 455, 458 (5th Cir. 1998). Conclusory statements, speculation, and unsubstantiated assertions are not competent summary judgment evidence and will not suffice to defeat a properly supported motion for summary judgment. Id.; Douglass v. United Servs. Auto Ass'n, 79 F.3d 1415, 1429 (5th Cir. 1996).

## II.  Claim Against the Orleans Parish Prison Medical Clinic

Defendants first argue that plaintiff's claim against the Orleans Parish Prison Medical Clinic must be dismissed because the clinic is not a proper defendant. They are correct. A jail's medical department simply is not a juridical entity capable of being sued. See Jacobson v. Gusman, Civ. Action No. 09-3695, 2009 WL 2870171, at *2 (E.D. La. Aug. 10, 2009), adopted, 2009 WL 2957961 (E.D. La. Aug. 26, 2009); Brewin v. St. Tammany Parish Correctional Center, No. 08-0639, 2009 WL 1491179, at *2 (W.D. La. May 26, 2009) ("[A] 'department' within a prison facility is not a 'person' under § 1983."); Martinez v. Larpenter, Civ. Action No. 05-874, 2005 WL 3549524, at *5 (E.D. La. Nov. 1, 2005); Oladipupo v. Austin, 104 F.Supp.2d 626, 641-42 (W.D. La. 2000). Accordingly, the claim against the Orleans Parish Prison Medical Clinic must be dismissed.

### III. Claim Against Dr. Ham

Defendants next argue that the claim against Dr. Ham must be dismissed because plaintiff cannot prove that his constitutional rights were violated. Again, they are correct for the following reasons.

It is clear that the constitutional rights of an incarcerated person, whether he is a pretrial detainee or a convicted prisoner, may be violated if his *serious medical needs* are met with *deliberate indifference* on the part of penal authorities. See Thompson v. Upshur County, Texas, 245 F.3d 447, 457 (5th Cir. 2001); Harris v. Hegmann, 198 F.3d 153, 159 (5th Cir. 1999).

The United States Fifth Circuit Court of Appeals has explained that "[a] serious medical need is one for which treatment has been recommended or for which the need is so apparent that even laymen would recognize that care is required." Gobert v. Caldwell, 463 F.3d 339, 345 n.12 (5th Cir. 2006). In the instant case, plaintiff initially claimed that he was suffering from kidney problems. However, he has presented no evidence to support that allegation, the results of his medical tests were normal, and, in his opposition to defendants' motion, even plaintiff seems to now acknowledge that his subsequent treatment indicated that he was not in fact suffering from kidney problems.

Nevertheless, even if the Court were to assume that plaintiff was suffering from a serious medical need, his claims still fail because those needs clearly were not met with deliberate indifference. The United States Fifth Circuit Court of Appeals has explained:

> Deliberate indifference is an extremely high standard to meet. It is indisputable that an incorrect diagnosis by prison medical personnel does not suffice to state a claim for deliberate indifference. Rather, the plaintiff must show that officials refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs. Furthermore, the decision whether to

> provide additional treatment is a classic example of a matter for medical judgment. And, the failure to alleviate a significant risk that the official should have perceived, but did not is insufficient to show deliberate indifference.

Domino v. Texas Department of Criminal Justice, 239 F.3d 752, 756 (5th Cir. 2001) (quotation marks, brackets, and citations omitted). "Deliberate indifference encompasses only unnecessary and wanton infliction of pain repugnant to the conscience of mankind." McCormick v. Stalder, 105 F.3d 1059, 1061 (5th Cir. 1997); see also Stewart v. Murphy, 174 F.3d 530, 534 (5th Cir. 1999).

The medical records in the instant case establish that plaintiff's numerous medical complaints were not ignored. The medical staff attempted to secure plaintiff's records from University Hospital; however, they were told that those records were either destroyed during Hurricane Katrina or could not be found.[5] Moreover, the jail's medical records show that plaintiff was repeatedly examined and/or evaluated by the medical staff for his complaints,[6] prescribed medications, including pain medications,[7] and had medical tests performed, the results of which were normal.[8] The records further show that the jail's medical staff determined that plaintiff did not in fact suffer from kidney disease and that he was instead simply experiencing back pain, for which he received pain medication.[9] The jail's medical records therefore disprove any allegation that plaintiff's medical needs were met with deliberate indifference. See Banuelos v. McFarland, 41

---

[5] Rec. Doc. 17-6, pp. 25, 27, and 63-68.

[6] Rec. Doc. 17-6, pp. 24-36.

[7] Rec. Doc. 17-6, pp. 24, 32, 34, and 37-47.

[8] Rec. Doc. 17-6, pp. 27-29 and 48-53.

[9] See, e.g., Rec. Doc. 17-6, p. 24.

F.3d 232, 235 (5th Cir. 1995) ("Medical records of sick calls, examinations, diagnoses, and medications may rebut an inmate's allegations of deliberate indifference.").

It is evident that plaintiff was dissatisfied and disagreed with his medical treatment, especially the decision not to send him to outside specialists. However, that does not make his claim actionable. As the United States Fifth Circuit Court of Appeals has held: "Unsuccessful medical treatment, acts of negligence, or medical malpractice do not constitute deliberate indifference, nor does a prisoner's disagreement with his medical treatment, absent exceptional circumstances. Furthermore, the decision whether to provide additional treatment is a classic example of a matter for medical judgment." Gobert v. Caldwell, 463 F.3d 339, 346 (5th Cir. 2006) (footnote and quotation marks omitted). The medical decisions in this case were clearly made based on professional judgments, and, as such, are not lightly second-guessed in a federal civil rights action. See Estelle v. Gamble, 429 U.S. 97, 107 (1976) ("[T]he question of whether an X-ray or additional diagnostic techniques or forms of treatment is indicated is a classic example of a matter for medical judgment."). The same is true regarding the decision that plaintiff should be treated in the jail medical department rather than by outside medical providers. See Alfred v. Texas Department of Criminal Justice, 80 Fed. App'x 926, 927-28 (5th Cir. 2003); see also Fowler v. Hodge, 94 Fed. App'x 710, 713 (10th Cir. 2004). Moreover, the fact that plaintiff allegedly continued to experience pain despite treatment is insufficient to state a constitutional claim. Williams v. Chief of Medical Operations, Tarrant County Jail, No. 94-10115, 1994 WL 733493, at *2 (5th Cir. Dec. 27, 1994); see also Spruill v. Gillis, 328 Fed. App'x 797, 801 (3rd Cir. 2009).

The Court notes that, in his opposition, plaintiff indicates that he was transferred to a state facility after filing the instant complaint and that the doctors at his new facility followed a different course of treatment more to his liking. However, the mere fact that other doctors reached a different conclusion or provided a different course of treatment is of no moment. Differences of opinion among physicians as to the appropriate method of treatment do not constitute deliberate indifference. Campbell v. Martinez, No. Civ. A. 4:03-CV-299-Y, 2003 WL 22410576, at *3 (N.D. Tex. May 14, 2003), aff'd, 96 Fed. App'x 237 (5th Cir. 2004); see also Muse v. Warner, No. 93-2413, 1993 WL 543340 (5th Cir. Dec. 15, 1993 ) ("The disagreement in diagnosis between the initial doctor and the subsequent doctors does not equal denial of medical care or show deliberate indifference.").

Even if plaintiff could prove that Dr. Ham was negligent or committed malpractice in this case, which is by no means apparent from the records currently before the Court, that still would not be sufficient to defeat defendants' motion. Negligence or malpractice is never alone sufficient to state a federal claim for constitutionally inadequate medical care. Hall v. Thomas, 190 F.3d 693, 697 (5th Cir. 1999); see also Kelly v. Gusman, Civ. Action No. 07-611, 2007 WL 2007992, at *4 (E.D. La. July 5, 2007); Cerna v. Texas Tech Medical Staff, No. 2:03-CV-0322, 2004 WL 42602, at *2 (N.D. Tex. Jan. 7, 2004). Such claims of negligence or malpractice are for the state courts, not a federal court. See Estelle v. Gamble, 429 U.S. 97, 107 (1976); Cerna, 2004 WL 42602, at *2

Simply put, the determinative issue here is not whether the medical treatment plaintiff received was subpar in some respect or whether he was satisfied with his care; rather, it is only whether Dr. Ham acted with *deliberate indifference*. Because it is evident that there was no deliberate indifference in this case, the claim against Dr. Ham must be dismissed.

Accordingly,

**IT IS ORDERED** that defendants' motion for summary judgment is **GRANTED** and that plaintiff's claims are **DISMISSED WITH PREJUDICE**.

New Orleans, Louisiana, this seventh day of September, 2010.

                                          **SALLY SHUSHAN**
                                          **UNITED STATES MAGISTRATE JUDGE**